# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL MARTIROSYAN,<br><br>    Plaintiff,<br><br>v.<br><br>MADSEN, *et al.*,<br><br>    Defendants. | Case No. 1:24-cv-01168-BAM (PC)<br><br>ORDER CONSTRUING PLAINTIFF'S NOTICE OF INTENT TO FILE PROPOSED AMENDED COMPLAINT AS A MOTION TO FILE AN AMENDED COMPLAINT AND MOTION TO STAY CASE<br>(ECF No. 16)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT<br>(ECF No. 16)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY CASE<br>(ECF No. 16)<br><br>**THIRTY (30) DAY DEADLINE** |

**I.    Procedural Background**

Plaintiff Rafael Martirosyan ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint has not yet been screened.

Plaintiff initiated this action on October 2, 2024.  (ECF No. 1.)  On January 17, 2025, prior to screening of the complaint, Plaintiff filed a supplemental complaint (docketed as a first amended complaint) which included new defendants not named in the original complaint and did not include any of the original defendants.  (ECF No. 11.)

Currently before the Court is Plaintiff's June 16, 2025 filing, titled "Plaintiff's (1) Notice of Change of Address, (2) Notice of Intent to File [Proposed] Amended Complaint (Rewording the Claims for the Sake of Clarity and Organization) & (3) Inquiry – As to Whether it is Possible

to Seek a Grant "To Stay the Case" for the Purpose of Plaintiff Pursuit of State Habeas Corpus to Expunge the Two (2) Counseling Only RVRs at Issue in this Case." (ECF No. 16.)  In his motion, Plaintiff states his intent to draft an amended complaint to reword his claims to do a better job and that he also believes this action is closely related to another pending action and he intends to file a motion to consolidate the two cases in the future.  Plaintiff thinks it would be a good idea to re-file a first amended complaint that will have all of the defendants from the originally filed and the supplemental complaint together.  Plaintiff also seeks to stay the case, if possible, in order to first pursue habeas corpus relief in state court and then deal with damages.  Plaintiff also appears to seek additional time to obtain a laptop.  (*Id.*)

The Court construes the filing as a motion to file an amended complaint and a motion to stay the case.

**II.     Motion to File Amended Complaint**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a).  "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted).  However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id.*  These factors do not carry equal weight. Prejudice is the most important factor to consider. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

While it is procedurally improper for Plaintiff to file a motion to amend without including a proposed amended complaint, this procedural defect is easily cured and is not a sufficient reason to deny leave to amend that should be "freely given when justice so requires." *See AmerisourceBergen Corp.*, 465 F.3d at 951.  In addition, the Court is in agreement that it would be a more efficient use of judicial resources for Plaintiff to include all of the relevant claims and defendants named in the original and supplemental complaints in one single complaint before the

case is screened. Thus, Plaintiff's motion to file an amended complaint is granted, and Plaintiff is directed to file a **second amended complaint**.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Any amended complaint shall be **limited to 25 pages in length**, excluding exhibits. Plaintiff may not join unrelated claims.

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

### III. Motion to Stay Case

Plaintiff next requests whether it is possible to stay this action while he pursues habeas corpus relief in state court for two RVRs at issue in this action.

With respect to stays of civil rights actions that include claims which would otherwise be barred by *Heck v. Humphrey*, the Supreme Court has found that a district court's decision to stay a § 1983 action challenging disciplinary hearing procedures that resulted in a loss of good-time credits, while the prisoner sought restoration of his good-time credits and exhausted state remedies, was error. *Edwards v. Balisok*, 520 U.S. 641, 649 (1997). *Balisok* further held that, "absent some other bar to the suit, a claim is either cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id.* Accordingly, based on the information currently before the Court, a stay of this action to permit Plaintiff to initiate a habeas corpus action in state court would be inappropriate.

///

If Plaintiff chooses to pursue expungement of RVRs currently at issue in this action, he may choose to voluntarily dismiss the present action and re-file the case after he has obtained the relief he seeks through a habeas corpus petition in state court. If Plaintiff files a second amended complaint in this action and the Court determines that some or all of Plaintiff's claims are *Heck*-barred or otherwise fail to state a claim, those claims may be dismissed. The Court offers no opinion as to which course of action Plaintiff should take at this time, or whether any future action may be barred by any statute of limitations or other jurisdictional considerations.

### IV.  Order

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's notice of intent to file proposed amended complaint, (ECF No. 16), is CONSTRUED as a motion to file an amended complaint and a motion to stay case;
2. Plaintiff's motion to file an amended complaint, (ECF No. 16), is GRANTED;
3. The Clerk's Office shall send Plaintiff a complaint form;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a **second amended complaint** including all relevant claims and defendants to be raised in this action (or file a notice of voluntary dismissal);
5. Plaintiff's second amended complaint shall be **limited to 25 pages in length**, excluding exhibits;
6. Plaintiff's motion to stay case, (ECF No. 16), is DENIED; and
7. **If Plaintiff fails to file a second amended complaint (or a notice of voluntary dismissal) in compliance with this order, this action will be dismissed, with prejudice, for failure to prosecute, failure to obey a court order, and failure to state a claim.**

IT IS SO ORDERED.

Dated:  **June 20, 2025**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE

4