# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL MARTIROSYAN,<br><br>   Plaintiff,<br><br> v.<br><br>MADSEN, *et al.*,<br><br>   Defendants. | Case No. 1:24-cv-01168-JLT-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT<br>(ECF No. 18)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR VOLUNTARY DISMISSAL AS MOOT<br>(ECF No. 18)<br><br>ORDER DEFERRING RULING ON PLAINTIFF'S REQUEST TO WITHDRAW CONSENT<br>(ECF No. 18)<br><br>**THIRTY (30) DAY DEADLINE** |

  Plaintiff Rafael Martirosyan ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

  On June 20, 2025, the Court issued an order construing Plaintiff's filing as a motion to file an amended complaint and motion to stay case and granted Plaintiff's motion to file an amended complaint and denied the motion to stay the case. (ECF Nos. 15, 17). Plaintiff was directed to file a second amended complaint including all relevant claims and defendants to be raised in this action, limited to 25 pages in length, excluding exhibits (or file a notice of voluntary dismissal). (ECF No. 17.)

  Currently before the Court is Plaintiff's request for an extension of time to respond to the Court's June 20, 2025 order, or in the alternative to voluntarily dismiss the case, without prejudice, filed July 23, 2025. (ECF No. 18.) Plaintiff also requests to withdraw his consent to Magistrate Judge jurisdiction. Plaintiff requests an extension of time to respond to the Court's order, stating that there is a lot he wishes to express regarding the order, while nevertheless

having assurances that he would be able to submit objections to the District Judge should he be dissatisfied.  In the alternative, if his request for an extension of 30 to 60 days will not be granted, Plaintiff moves to voluntarily dismiss the case, without prejudice.  Plaintiff requests that should his case be dismissed, the filing fee be preserved for when he files this case again.  Plaintiff also requests to withdraw the consent to Magistrate Judge jurisdiction that he submitted earlier in the litigation.  (*Id.*)

        Plaintiff has not presented an explanation for his request for an extension of time to respond to the Court's order, aside from his statement that he has a lot he wishes to express regarding the order.  The Court therefore does not find that Plaintiff has provided good cause for the requested extension of time.  Nevertheless, in light of Plaintiff's status as a *pro se* litigant and to allow Plaintiff time to receive and comply with the instant order, the Court finds it appropriate to grant Plaintiff a thirty-day extension of time, **limited to the filing of a second amended complaint or a notice of voluntary dismissal**.  Plaintiff is warned that any "response" to the Court's June 20, 2025 order that goes beyond the filing of a second amended complaint or a notice of voluntary dismissal may be disregarded.

        Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678–79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).  Any amended complaint shall be **limited to 25 pages in length**, excluding exhibits.  Plaintiff may not join unrelated claims.

        Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

        Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

      As Plaintiff's request for an extension of time has been granted, the Court finds that Plaintiff's request, in the alternative, for voluntary dismissal of this case, shall be denied as moot.

      With respect to Plaintiff's request to withdraw his apparent consent to Magistrate Judge jurisdiction, Plaintiff is informed that only a District Judge may rule on a motion to withdraw consent to Magistrate Judge jurisdiction. *Branch v. Umphenour*, 936 F.3d 994, 1003 (9th Cir. 2019). A ruling on Plaintiff's request to withdraw his consent is therefore deferred, to be ruled on by a District Judge in due course.

      Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for extension of time to file an amended complaint, (ECF No. 18), is GRANTED;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a **second amended complaint** including all relevant claims and defendants to be raised in this action (or file a notice of voluntary dismissal);
4. Plaintiff's second amended complaint shall be **limited to 25 pages in length**, excluding exhibits;
5. Plaintiff's request for voluntary dismissal, (ECF No. 18), is DENIED as moot;
6. A ruling on Plaintiff's request to withdraw consent, (ECF No. 18), is DEFERRED, to be ruled on by a District Judge; and
7. **If Plaintiff fails to file a second amended complaint (or a notice of voluntary dismissal) in compliance with this order, this action will be dismissed, with prejudice, for failure to prosecute, failure to obey a court order, and failure to state a claim.**

IT IS SO ORDERED.

Dated:   **July 25, 2025**                /s/ Barbara A. McAuliffe
                                                          UNITED STATES MAGISTRATE JUDGE