# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL MARTIROSYAN,<br><br>    Plaintiff,<br><br>    v.<br><br>MADSEN, *et al.*,<br><br>    Defendants. | Case No. 1:24-cv-01168-JLT-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO OBEY COURT ORDER AND FOR FAILURE TO PROSECUTE<br><br>(ECF No. 25) |

**I.    Background**

Plaintiff Rafael Martirosyan ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on October 2, 2024. (ECF No. 1.) On January 17, 2025, prior to screening of the complaint, Plaintiff filed a supplemental complaint (docketed as a first amended complaint), which included new defendants not named in the original complaint and did not include any of the original defendants. (ECF No. 11.)

On June 16, 2025, Plaintiff filed a notice of intent, which the Court subsequently construed as a motion to file an amended complaint and motion to stay the case. (ECF No. 16.)

On June 20, 2025, the Court granted Plaintiff's motion to file an amended complaint and denied the motion to stay the case. (ECF No. 17). The Court directed Plaintiff to file a second amended complaint including all relevant claims and defendants to be raised in this action,

1

1 limited to 25 pages in length, excluding exhibits (or file a notice of voluntary dismissal). (ECF
2 No. 17.) The Court warned Plaintiff that if he failed to file a second amended complaint (or a
3 notice of voluntary) in compliance with the Court's order, then the action would be dismissed.
4 (*Id.* at 4.)

5 On July 25, 2025, the Court granted Plaintiff's request for an extension of time to file an
6 amended complaint. (ECF No. 20.) The Court directed Plaintiff to file a second amended
7 complaint including all relevant claims and defendants to be raised in this action, limited to 25
8 pages in length, excluding exhibits, or file a notice of voluntary dismissal within thirty days from
9 the date of service of the order. (*Id.* at 3.) The Court cautioned that if Plaintiff failed to file a
10 second amended complaint (or notice of voluntary dismissal) in compliance with the Court's
11 order, then the action would be dismissed, with prejudice, for failure to prosecute, failure to obey
12 a court order, and failure to state a claim. (*Id.*)

13 On August 28, 2025, the Court granted Plaintiff's request for a seven-day extension of
14 time to file an amended complaint. (ECF No. 23.) The Court directed Plaintiff to file a second
15 amended complaint including all relevant claims and defendants to be raised in this action,
16 limited to 25 pages in length, excluding exhibits, or file a notice of voluntary dismissal within
17 seven days from the date of service of the order. (*Id.*) The Court again cautioned Plaintiff that if
18 he failed to file a second amended complaint in compliance with the Court's order, then the action
19 would be dismissed, with prejudice, for failure to prosecute, failure to obey a court order, and
20 failure to state a claim. (*Id.*)

21 On September 10, 2025, the Court granted Plaintiff's second request for a seven-day
22 extension of time to file a second amended complaint. (ECF No. 24.) The Court directed
23 Plaintiff to file his second amended complaint including all relevant claims and defendants to be
24 raised in this action, limited to 25 pages in length, excluding exhibits, or file a notice of voluntary
25 dismissal within seven days from the date of service of the order. (*Id.*) Again, the Court advised
26 Plaintiff that if he failed to file a second amended complaint in compliance with the Court's order,
27 then the action would be dismissed, with prejudice, for failure to prosecute, failure to obey a court
28 order, and failure to state a claim. (*Id.*) Plaintiff failed to file his second amended complaint or

otherwise communicate with the Court, and the deadline to do so has expired.

## II. Failure to Prosecute and Failure to Obey a Court Order

### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Discussion

Here, the Court granted multiple extensions of time, but Plaintiff's second amended complaint is overdue, and he has failed to comply with the Court's orders. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case or merely continually asks for extensions of time. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against

dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's orders, including its most recent order issued on September 10, 2025, warned Plaintiff that his failure to file a second amended complaint would result in dismissal of this action. (*See* ECF Nos. 17, 20, 22, 25.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. As Plaintiff is proceeding *in forma pauperis*, it appears that monetary sanctions will be of little use and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case**.**

### III.    Conclusion and Recommendation

Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed for failure to obey a court order and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may

result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **October 1, 2025**         /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE